1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLUE NILE, INC., a Delaware
corporation,

                    Plaintiff,

          v.

IDEAL DIAMOND SOLUTIONS, INC.
d/b/a IDS, Inc., Verified Independent
Diamond Purchaser's Affiliation, and
VIDPA, a Delaware corporation; LARRY
CHASIN, an individual; ZDEEL'S
DIAMOND GALLERY, a Texas company;
WELLS & CO. FINE JEWELERS, a
Virginia company; R. BRUCE CARSON
JEWELERS, a Maryland company;
FREDERIC H. RUBEL JEWELERS, a
California company; KLEINHENZ
JEWELERS, an Ohio company;
MAYFAIR DIAMONDS AND FINE
JEWELRY, a New York company;
MOSIELLO JEWELERS, a New York
company; CIRELLI JEWELERS, an Ohio
company; LV JEWELRY, a Florida
company; QUATTRY'S BENCH
EXPRESS, a Florida company; KILMAN
JEWELERS, a Florida company;
DIAMONDSCAPE, a Texas company; and
DOES 1-25,

                    Defendants.

No. 10-380

**COMPLAINT**

**JURY DEMAND**

COMPLAINT – 1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.    INTRODUCTION

1.    This action arises from the defendants' knowing, intentional and willful unauthorized copying, display, distribution and creation of derivative works of and from Blue Nile, Inc.'s distinctive Internet website, which is its store, its advertising, its face to the world and its branding.

2.    Founded in 1999, Plaintiff Blue Nile, Inc. ("Blue Nile") is an online retailer of high-quality diamonds and fine jewelry.  Blue Nile sells diamonds and fine jewelry exclusively through its Internet website.

3.    With the idea that educated consumers will purchase high-end jewelry over the Internet if they are given appropriate information and tools, Blue Nile developed a retail website that quickly became renowned for its industry-leading information and education pages, its exquisite photography, and its innovative tools.

4.    Through its website, Blue Nile built a reputation, goodwill and brand synonymous with the highest-quality diamond education, consumer interface and imagery, and diamonds and jewelry.  The Blue Nile website *is* the Blue Nile business.

5.    Protection of the intellectual property that is Blue Nile's website is vital to protection of its reputation, goodwill and brand.

6.    Without right or authorization, the defendants have taken and converted Blue Nile's intellectual property to develop over *one hundred* websites for themselves and others copying Blue Nile's website.

7.    This action seeks to stop the defendants' thievery and remunerate Blue Nile for the harm caused to it by the defendants.

## II.    PARTIES

8.    Blue Nile is a Delaware corporation with its principal place of business at 705 Fifth Avenue South, Suite 900, Seattle, Washington 98104.  Blue Nile is a strictly online retailer

COMPLAINT – 2

40790-0020/LEGAL17329224.4

of diamonds and fine jewelry, operated through the website www.bluenile.com.  Blue Nile's

website is available globally, and it sells diamonds and fine jewelry in interstate commerce

throughout the United States.[1]

9.     Defendant Ideal Diamonds Solutions, Inc., which also does business as IDS, Inc.,

Verified Independent Diamond Purchaser's Affiliation and VIDPA (collectively, "IDS"), is a

Delaware corporation with its principal place of business located at 319 Lafayette Street, Suite

209, New York, New York 10012.  IDS offers website platforms to jewelry retailers through its

website www.idealdiamondsolutions.com, and operates an online retail jewelry business under

numerous names and domains, including, but not limited to, www.preciousglow.com,

www.glimmerrocks.com, www.blue-jewel.biz, www.blue-jewelery.com and

www.gregoriokjewelers.com.

10.     Defendant Larry Chasin ("Chasin") is an individual residing at 483 9th Street,

Apt. 1, Brooklyn, New York 11215.  Chasin is the founder and Chief Executive Officer of IDS.

11.     Defendant Zdeel's Diamond Gallery ("Zdeel") is a diamond retailer with its

principal place of business located at 25 Highland Park Village, 100-394, Dallas, Texas 75205.

Zdeel operates an online retail jewelry business through the website www.diamondgallery.us.

12.     Defendant Wells & Co. Fine Jewelers ("Wells & Co.") is a diamond retailer with

its principal place of business located at 1544 Laskin Road, Virginia Beach, Virginia 23451.

Wells & Co. operates an online retail jewelry business through the website

www.wellsdiamonds.com.

13.     Defendant R. Bruce Carson Jewelers ("Carson") is a diamond retailer with its

principal place of business located at 12818-G Shark Farm Way, Hagerstown, Maryland 21742.

Carson operates an online retail jewelry business through the website

www.carsonjewelersonline.com.

---

[1] Blue Nile also sells diamonds and fine jewelry in Canada and the United Kingdom through the websites
www.bluenile.ca and www.bluenile.co.uk.

COMPLAINT – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40790-0020/LEGAL17329224.4

14.   Defendant Frederic H. Rubel Jewelers ("Rubel") is a diamond retailer with its principal place of business located at 246 Forest Avenue, Laguna Beach, California 92651. Rubel operates an online retail jewelry business through the website www.rubeljewelers.com.

15.   Defendant Kleinhenz Jewelers ("Kleinhenz") is a diamond retailer with its principal place of business located at Williamsburg Square, 25979 Detroit Road, Westlake, Ohio 44145.  Kleinhenz operates an online retail jewelry business through the website www.kleinhenzjewelersinc.com.

16.   Defendant Mayfair Diamonds and Fine Jewelry ("Mayfair Diamonds") is a diamond retailer with its principal place of business located at 73 Main Street, East Hampton, New York 11937.  Mayfair Diamonds operates an online retail jewelry business through the website www.mayfairdiamonds.com.

17.   Defendant Mosiello Jewelers ("Mosiello") is a diamond retailer with its principal place of business located at Saw Mill Executive Park, 545 Saw Mill River Road, Ardslet, New York 10502.  Mosiello operates an online retail jewelry business through the website www.mosielloandsons.com.

18.   Defendant Cirelli Jewelers ("Cirelli") is a diamond retailer with its principal place of business located at 5903 Market Street, Youngstown, Ohio 44512.  Cirelli operates an online retail jewelry business through the website www.cirellijewelers.com.

19.   Defendant LV Jewelry is a diamond retailer with its principal place of business located at 167 North Highway 27, Clermont, Florida 34711.  LV Jewelry operates an online retail jewelry business through the website www.lv-jewelry.com.

20.   Defendant Quattry's Bench Express ("Quattry") is a diamond retailer with its principal place of business located at 1023 West Colonial Drive, #B, Orlando, Florida 32804. Quattry operates an online retail jewelry business through the website www.quattrys-jewelry.com.

COMPLAINT – 4

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40790-0020/LEGAL17329224.4

21.   Defendant Kilman Jewelers ("Kilman") is a diamond retailer with its principal place of business located at 1978 State Road 44, New Smyrna Beach, Florida 32168.  Kilman operates an online retail jewelry business through the website www.kilmanjewelers.com.

22.   Defendant DiamondScape – A Tett's Jewelry Company ("Tett") is a diamond retailer with its principal place of business located at 1722 Sixth Street, Bay City, Texas 77414. Tett operates an online retail jewelry business through the website www.diamondscape.com.

23.   Defendants Does 1-25 (collectively, "Doe Defendants") are additional persons and entities with roles or responsibilities, or also engaged, in the wrongdoings alleged herein. Blue Nile will amend this Complaint to name these additional defendants if and when their identities and the scope of their actions become known.

24.   The named defendants in this Complaint – IDS, Chasin, Zdeel, Wells & Co., Carson, Rubel, Kleinhenz, Mayfair Diamonds, Mosiello, Cirelli, LV Jewelry, Quattry, Kilman and Tett – and the Doe Defendants are referred to collectively in this Complaint as "Defendants."

25.   The websites operated by Defendants are distributed and displayed in interstate commerce and within this judicial district.  Defendants compete with Blue Nile in online retail sales of diamonds and jewelry.

26.   Blue Nile is informed and believes, and based thereon alleges, that Defendants participated in, ratified, endorsed, or were otherwise involved in the acts complained of, and have liability for such acts.

### III.    JURISDICTION AND VENUE

27.   This Court has subject-matter jurisdiction over Blue Nile's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright and Lanham Act claims).

28.   This Court has subject-matter jurisdiction over Blue Nile's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because the claims alleged under state

COMPLAINT – 5

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

law are so related to claims in this action over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

29.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Blue Nile's claims occurred in this district and because Defendants are subject to personal jurisdiction in this district.

## IV.    FACTS AND BACKGROUND

### A.    The Blue Nile Business and Website

30.    Blue Nile has, since 1999, offered the highest quality diamonds and fine jewelry for retail sale over the Internet.  Blue Nile operates *solely* by website.  Today, it is the market leader in the online diamond and fine jewelry retail industry.

31.    With no "brick and mortar" stores, the Blue Nile website is Blue Nile's storefront and sales clerk.  The website attracts the customers, the website answers questions, and the website sells the diamonds and jewelry.

32.    Blue Nile's founder understood that the purchase of a diamond is often one of the most significant purchases of a consumer's life, and that diamonds carry an aura of mystery and complexity to most consumers.  He also understood that, as a consequence, education, transparency and clarity are imperative for consumers to feel confident purchasing diamonds and fine jewelry over the Internet.

33.    To meet this need, Blue Nile developed and continuously improves its website to provide unparalleled detail about the diamonds and fine jewelry that are its products, including clear and comprehensive educational information and displays, unique, intuitive tools to sort and select specific diamonds and exquisite proprietary diamond photographs displayed on Blue Nile's website.

34.    As Internet retail experts have commented, Blue Nile is "admittedly obsessed" with the concept of a perfect online customer experience.

COMPLAINT – 6

40790-0020/LEGAL17329224.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**1.    Blue Nile's Text**

35.    To attract and build the confidence of customers, Blue Nile's websites explain the complexities of diamond and fine jewelry selection through carefully crafted text and diagrams, and in clear and creative organization and compilations on its websites that are easy for both novice and sophisticated buyers to navigate and understand.

36.    Specifically, Blue Nile's websites include uniquely developed text that explains and describes the attributes, quality, care and other important features of diamonds, pearls, gemstone and the fine metals used to craft settings and jewelry (gold, silver, platinum and titanium) in clear, crisp and accessible terms designed for ease of comprehension by the average consumer.  Blue Nile's carefully written, distinct expressions of characteristics and information regarding diamonds, pearls, gemstones, fine metals and jewelry set it apart from competitors.

37.    Blue Nile does *not* allow anyone else to copy or utilize the textual content on the Blue Nile website.

**2.    Blue Nile's Photographs**

38.    High-quality imagery – photography – is a critical part of the detail that underlies Blue Nile's business.  High-quality photographs of diamonds give online customers a heightened level of confidence in the products that they consider purchasing as well as confidence in the retailer.

39.    As a result of diamonds' many facets and reflection of light, every photograph of a diamond is as unique as a fingerprint.  No two diamond photographs are alike.  The qualities of cut diamonds and the way diamonds reflect light makes them extremely difficult, costly and time-consuming to photograph.

40.    Blue Nile's websites include unique and distinctively clear and bright diamond photographs.  Blue Nile expends significant resources to create the unique, extraordinary, high-quality diamond photographs displayed on its website.

COMPLAINT – 7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

41.    Blue Nile does *not* allow anyone else to copy or utilize the photographs displayed on its website.

**3.    Blue Nile's Diamond Search and Build Your Own Tools and Compilations**

42.    Blue Nile's websites also include creatively distinct tools and compilations, such as its "diamond search" and "Build Your Own" features.

43.    Since its release and continuing through today, Blue Nile's diamond search page has been distinguished by its unique style and overall appearance, including the layout and functionality of the search page purchase factor columns featuring in its expression, specially designed horizontal scales or "sliders" that diamond-buying customers may use to identify and contract potential diamond purchases, the automatically updating search result list, and the pop-up diamond information boxes.

44.    Blue Nile's diamond search pages easily, comprehensively and distinctively compile and display to customers and potential customers the key factors in diamond selection (*e.g.*, shape, cut, color, clarity, carat, price).

45.    As noted, Blue Nile's diamond search page includes unique display boxes that show further details of diamonds (*e.g.*, depth, symmetry, culet, fluorescence, measurements) identified by Blue Nile's diamond search program pursuant to parameters set by the customer. These display boxes automatically appear when a customer scrolls down or places the mouse over the diamond search results.

46.    Blue Nile's website includes several Build Your Own features, such as Build Your Own Ring, Build Your Own Three Stone Ring, Build Your Own Five Stone Ring, Build Your Own Earrings and Build Your Own Diamond Pendant.  These unique features provide user-friendly interfaces that allow customers to design their own jewelry.

47.    Blue Nile carefully researched and designed its Build Your Own features to maximize consumer choice while maintaining the simplicity and accessibility of the user-

COMPLAINT – 8

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

interface.  In 2007, the layout of the introductory page to the Build Your Own Ring feature contained three tabs which encouraged customers to "1.  Select Your Diamond," "2.  Choose Your Setting" and "3.  Add to Basket."  Each of these tabs contained a small illustrative photograph, specifically a diamond, a silver ring setting, and a pink ring box respectively.  Additionally, midway down on the introductory Build Your Own Ring page, Blue Nile placed a row of exemplary diamond shapes under the heading "Select one or more diamond shapes" to help the customer start the diamond selection process.  Blue Nile's current website has been slightly modified but maintains similar elements.

48.    As customers navigate through the three-step design process using Blue Nile's user-friendly interface, the Build Your Own feature empowers them to select a diamond or diamonds from amongst thousands of certified diamonds using Blue Nile's exceptional diamond search feature and then select the setting that best fits their vision of the completed jewelry.

49.    Blue Nile's setting search page displays a myriad of setting choices, and permits customers to narrow their choices by selecting a type of metal (*e.g.* platinum, gold, white gold) or the style of the ring (*e.g.* solitaire, sidestone).  After selecting the setting, the customer completes his or her jewelry and adds it to the "basket."

50.    The visual presentation of Blue Nile's Build Your Own features represents substantial and valuable goodwill and serves as a badge of the company's promise to provide complete and detailed information about the quality and characteristics of diamonds and to promote expansive and educated consumer choice in a format that is easy to navigate and understand.

**B.    Protection of Blue Nile's Intellectual Property**

51.    As an Internet-only enterprise, intellectual property is one of Blue Nile's most important and most valued assets.  Consequently, Blue Nile invests significant resources into its intellectual property and carefully protects its intellectual property rights.

COMPLAINT – 9

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40790-0020/LEGAL17329224.4

52.    Blue Nile holds and carefully guards copyrights in and copyright registrations to the text, creative compilations and other expressive elements of its website, including Blue Nile's education pages and Build Your Own and diamond search features.

53.    Blue Nile also holds registered copyrights in and to the diamond photographs currently and previously displayed on its websites, and its websites display copyright notices.

54.    Blue Nile also carefully protects its trademarks.

55.    Blue Nile owns common law rights in the BLUE NILE mark.

56.    In addition, Blue Nile is the owner of U.S federal registration No. 2450117 for the BLUE NILE mark, covering "computerized online ordering services in the field of diamonds, jewelry and watches."

57.    The BLUE NILE mark has been used in commerce by Blue Nile since at least as early as May 24, 1999.  Blue Nile's use has been substantially continuous and exclusive.

58.    Blue Nile has expended considerable advertising and marketing resources to build strong name recognition in the BLUE NILE mark, and has developed substantial goodwill in the BLUE NILE mark.

**C.    Defendants are Willfully and Egregiously Infringing Blue Nile's Intellectual Property Rights**

**1.    Defendants IDS and Chasin**

59.    Upon information and belief, IDS and Chasin are willfully and egregiously infringing Blue Nile's coveted intellectual property rights.

60.    Upon information and belief, IDS and Chasin embarked upon a scheme to infringe Blue Nile's copyrighted works and wrongfully profit from the sales thereof.  To this end, IDS and Chasin intentionally made unauthorized copies of Blue Nile's unique diamond photographs, education pages, Build Your Own feature and other elements from Blue Nile's website and incorporated them into hundreds of diamond and jewelry retailer websites.

COMPLAINT – 10

40790-0020/LEGAL17329224.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

61.     Upon information and belief, IDS and Chasin then marketed and sold these websites under the IDS name to jewelry retailers in competition with Blue Nile, through the www.idealdiamondsolutions.com website, trade shows and various business to business jeweler publications.

62.     IDS and Chasin have infringed and are infringing upon Blue Nile's intellectual property rights by inducing others to create and maintain unauthorized copies of Blue Nile's website, selling work that is substantially, even strikingly, similar to Blue Nile's copyrighted works, and falsely claiming authorship of Blue Nile's works.

63.     Upon information and belief, IDS and Chasin have attempted and are attempting to palm off or otherwise trade upon the goodwill associated with Blue Nile's trademarks by making unauthorized copies of distinctive elements from Blue Nile's website, incorporating these elements into competing websites and offering these websites under the name IDS, which is likely to confuse customers as to the source and authorship of the copyrighted elements and tarnish Blue Nile's reputation and goodwill.

64.     IDS and Chasin have also infringed Blue Nile's intellectual property through their registration and use of various domain names.  Most blatantly, IDS and Chasin registered the domain names www.Blue-jewelry.com and www.blue-jewel.biz in a clear effort to trade on and/or damage Blue Nile's intellectual property rights and confuse consumers.

65.     IDS and Chasin also own, operate and/or maintain the websites displayed at www.glimmerrocks.com, www.preciousglow.com and www.gregoriokjewelers.com, as well as over a hundred other websites which are substantially similar.  These websites contain unauthorized copies of elements of the copyright protected www.bluenile.com website, and are used to promote the sale of diamonds and other jewelry in direct competition with Blue Nile.

COMPLAINT – 11

40790-0020/LEGAL17329224.4

**2.      All Defendants and Their Infringing Acts**

66.      Without authorization, Defendants have and are willfully and unlawfully copying and displaying Blue Nile's copyright-protected works to promote and sell their competing products.

67.      Defendants have copied and displayed unique photographs and original copy from the Blue Nile website, including several diamond and bracelet photographs and the text from Blue Nile's education pages.

68.      Defendants have mimicked and utilized Blue Nile's protected Build Your Own and diamond search features and pages.

69.      Defendants' copying goes so far as to replicate the look and feel as well as specific elements of Blue Nile's Build Your Own and diamond search pages, including the sliders, the diamond information display boxes, and the layout of the "select your diamond," "choose your setting," and "add to basket" process designed by Blue Nile.

70.      At no time has Blue Nile authorized or consented to Defendants' use of Blue Nile's intellectual property.

71.      At no time has Blue Nile had any association, affiliation or connection with, or endorsed any of Defendants' websites.  Specifically, Defendants' services are *not* authorized, approved, endorsed, sponsored by, associated, affiliated, or connected with Blue Nile, and Defendants and their websites are *not* authorized, approved, endorsed, sponsored by, associated, affiliated, or connected with Blue Nile.

72.      In using Blue Nile's intellectual property, Defendants have willfully and deliberately sought to profit from Blue Nile's pre-established goodwill and reputation.

COMPLAINT – 12

40790-0020/LEGAL17329224.4

## V.     CLAIMS

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT,
### (DIRECT, VICARIOUS AND CONTRIBUTORY)
### 17 U.S.C. § 101 *et seq.*
### (AGAINST ALL DEFENDANTS)

73.     Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 72 above as if fully set forth herein.

74.     Blue Nile has registered copyrights in the original content of its websites, including, for example, and without limitation, the text, photographs, diagrams and the compilation of those elements on its website.

75.     Defendants had access to all pages of Blue Nile's website.

76.     Defendants copied, displayed, distributed and/or created derivative works from Blue Nile's website, including, without limitation, text, photographs, diagrams and compilations protected by Blue Nile's registered copyrights.

77.     Text, photographs, diagrams and compilations of these elements on Defendants' websites are substantially similar – often, identical – to Blue Nile's original copyright-protected works.

78.     Defendants were not and are not licensed or authorized by Blue Nile to use all or any part of Blue Nile's website or other copyrighted works.

79.     The unauthorized copying, display, distribution and/or creation of derivative works from protected elements of the Blue Nile website constitutes copyright infringement.

80.     Defendants obtained direct financial benefit from the infringement and had the right and ability to control the infringing conduct.

81.     Additionally or alternatively, Defendants intentionally induced, encouraged, caused or materially contributed to the infringement.

COMPLAINT – 13

40790-0020/LEGAL17329224.4

82.    The foregoing acts of Defendants constitute direct infringement, vicarious infringement and/or contributory infringement of Blue Nile's exclusive rights in its copyrighted works under 17 U.S.C. § 106.

83.    Upon information and belief, Defendants' actions were intentional, willful, wanton and performed in disregard of the rights of Blue Nile.

84.    Defendants' conduct has caused irreparable and incalculable harm and injuries to Blue Nile, and, unless enjoined, will cause further irreparable and incalculable injury, for which Blue Nile has no adequate remedy at law.

85.    Blue Nile is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of all Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and Blue Nile's costs and attorneys' fees in amounts to be determined at trial.

86.    Blue Nile has been and will continue to be damaged, and Defendants have been unjustly enriched, by their unlawful infringement of Blue Nile's copyrighted works in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### TRADEMARK — LANHAM ACT 15 U.S.C. § 1114 AND § 1125(A)
### (AGAINST DEFENDANTS LARRY CHASIN AND IDEAL DIAMOND SOLUTIONS)

87.    Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 86 above as if fully set forth herein.

88.    Blue Nile owns U.S. federal trademark registration No. 2559555 for the BLUE NILE mark.  This registration is in full force and effect.

89.    Upon information and belief, IDS is the registrant of the domain names www.blue-jewelry.com and www.blue-jewel.biz, and, at all times relevant, IDS and Chasin owned, controlled, and operated the websites and businesses at these and other domains.  IDS

COMPLAINT – 14

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40790-0020/LEGAL17329224.4

and Chasin knowingly cooperated in and/or induced, encouraged, enabled or aided the infringement of Blue Nile's trademark rights by registering infringing domain names.

90.    IDS and Chasin's use of infringing marks in interstate commerce is likely to cause consumer confusion or to cause mistake or to deceive as to the origin of the interactive jewelry creation service on these websites and as to IDS and Chasin's affiliation, connection, or association with and/or endorsement or approval by Blue Nile.

91.    IDS and Chasin's actions constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Blue Nile in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive, in violation of 15 U.S.C. § 1114.

92.    IDS and Chasin's actions constitute false designation of association, affiliation, connection, endorsement and/or approval under 15 U.S.C. § 1125(a), and/or vicarious or contributory infringement of Blue Nile's rights under 15 U.S.C. § 1125(a).

93.    Upon information and belief,  IDS and Chasin selected, registered and operated these domains in order to trade off the goodwill and reputation in the goodwill and reputation in the famous Blue Nile mark and divert consumers from the genuine Blue Nile website to the Defendants' websites for diamond and jewelry purchases.

94.    Upon information and belief, IDS and Chasin have engaged in such actions knowingly, willfully, deliberately, and in conscious disregard of Blue Nile's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

95.    Blue Nile has been damaged and will continue to be damaged, and IDS and Chasin have been unjustly enriched, by such unlawful conduct in an amount to be proven at trial.

96.    In addition, conduct of IDS and Chasin described herein has caused and, if not enjoined will continue to cause, irreparable damage to Blue Nile's rights in its marks, and to the business, positive reputation and goodwill of Blue Nile, which cannot be adequately

COMPLAINT – 15

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40790-0020/LEGAL17329224.4

compensated solely by monetary damages. Blue Nile therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE ANTI-CYBERSQUATTING PROTECTION ACT,**
**15 U.S.C. § 1125(d)**
**(AGAINST DEFENDANTS LARRY CHASIN AND IDEAL DIAMOND SOLUTIONS)**

97.     Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 96 above as if fully set forth herein.

98.     The BLUE NILE mark is a distinctive mark, and has been used in commerce by Blue Nile since May 24, 1999.

99.     Blue Nile owns U.S. federal trademark registration No. 2450117 for the BLUE NILE mark. This registration is in full force and effect.

100.     Upon information and belief, IDS and Chasin registered the domain names www.blue-jewelry.com and www.blue-jewel.biz, at least nine years after Blue Nile began using the BLUE NILE mark in commerce.

101.     Upon information and belief, at all times relevant, IDS and Chasin owned, controlled, and operated the websites and businesses at these and other domains.

102.     These domain names, www.blue-jewelry.com and www.blue-jewel.biz were intended to be and are confusingly similar to the Blue Nile mark.

103.     Upon information and belief, IDS and Chasin knowingly cooperated in and/or induced, encouraged, enabled or aided the infringement of Blue Nile's trademark rights by registering infringing domain names.

104.     Upon information and belief, IDS and Chasin selected, registered and operated these domains in order to trade off the goodwill and reputation in the famous Blue Nile mark and divert consumers from the genuine Blue Nile website to the Defendants' websites for diamond and jewelry purchases.

COMPLAINT – 16

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

105.     Upon information and belief, the foregoing acts of IDS and Chasin constitute a bad faith intent to profit from trademarks owned by Blue Nile, and registering, trafficking or using a domain name that is identical or confusingly similar to a trademark that is distinctive at the time of registration of the domain name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

106.     Blue Nile is entitled to the relief provided by 15 U.S.C. §§ 1117 and 1125(d), including, but not limited to, IDS and Chasin's profits, compensatory damages, statutory damages, an order compelling IDS and Chasin to transfer the domains www.blue-jewelry.com and www.blue-jewel.biz and any other infringing domains to Blue Nile, and Blue Nile's costs and attorneys' fees in amounts to be determined at trial.

### FOURTH CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

107.     Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 106 above as if fully set forth herein.

108.     Defendants' activities as alleged in these paragraphs constitute unfair competition in violation of the common law of Washington.

109.     Blue Nile has been damaged and will continue to be damaged by such unfair competition in an amount to be proven at trial.

110.     In addition, Defendants' conduct described herein has caused and, if not enjoined will continue to cause, irreparable damage to Blue Nile's reputation and goodwill, which cannot be adequately compensated solely by monetary damages.  Blue Nile therefore has no adequate remedy at law and seeks permanent injunctive relief.

### FIFTH CAUSE OF ACTION
### CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS)

COMPLAINT – 17

40790-0020/LEGAL17329224.4

111.    Blue Nile realleges and incorporates by reference the allegations in paragraphs 1 through 110 above as if fully set forth herein.

112.    Upon information and belief, Defendants combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means, namely, to profit from the unauthorized and illegal copying, display, distribution, creation of derivative work from and use of all or parts of Blue Nile's website and trademarks to create competing websites, which are substantially and confusingly similar to Blue Nile's website, and are designed to unfairly draw consumers to purchase diamonds and jewelry from the competing websites.

113.    Upon information and belief, Defendants entered into agreements to accomplish the conspiracy, including, but not limited to, agreeing to acquire, display and operate websites that potentially violate Blue Nile's intellectual property.

114.    Blue Nile has been damaged and will continue to be damaged by Defendants' conspiracy in an amount to be proven at trial.

## VI.    JURY DEMAND

115.    Pursuant to Federal Rule of Civil Procedure 38(b), Blue Nile demands a trial by jury as to all issues so triable in this action.

## VII.    PRAYER FOR RELIEF

WHEREFORE, plaintiff Blue Nile, Inc. prays for the following relief:

1.    A preliminary injunction and permanent injunction enjoining and restraining Defendants, their principals, officers, agents, servants, employees and all persons in active concert or participation with them, during the pendency of this action and thereafter perpetually from:

a.    Copying, distributing, displaying or creating derivative works or otherwise using protected elements of Blue Nile's copyrighted works, including, but not limited to, Blue

COMPLAINT – 18

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40790-0020/LEGAL17329224.4

Nile's original text, photographs, organization, and compilations of these elements on Blue Nile's websites;

b.      Using the BLUE NILE mark, or any other marks or symbols that are confusingly similar to marks registered by Blue Nile in connection with any goods and services marketed, advertised or sold in the diamond, jewelry and watches marketplace or with respect to computerized online services in the field of diamonds, jewelry and watches, including, but not limited to, on any website owned, operated or controlled by Defendants; and

c.      Inducing, encouraging, enabling or assisting any third party to engage in the acts prohibited above;

2.      An order compelling Defendants to terminate, delete and/or destroy all copies, displays, derivative works and other uses of all or portions of Blue Nile's website or marks;

3.      An order compelling defendants IDS and Chasin to transfer the domains www.blue-jewelry.com and www.blue-jewel.biz and any other infringing domains to Blue Nile, pursuant to 15 U.S.C. § 1125(d);

4.      An award of actual damages to Blue Nile pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504(b), and as otherwise permitted by law;

5.      An accounting and award of profits and other unjust enrichment derived by Defendants from their unlawful conduct pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504(b), and as otherwise permitted by law;

6.      Alternatively, at Blue Nile's election, an award of statutory damages pursuant to 15 U.S.C. § 117(d), 17 U.S.C. § 504(c), and as otherwise permitted by law;

7.      An award of increased or exemplary damages pursuant to 15 U.S.C. § 1117 and as otherwise permitted by law, including, but not limited to, treble damages or treble profits, whichever are greater;

8.      An award of Blue Nile's costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, and as otherwise permitted by law;

COMPLAINT – 19

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

9.      An award of prejudgment and post-judgment interest; and

10.      For such further and other relief as the Court deems just and proper.


DATED:  March 8, 2010                    **PERKINS COIE** LLP


                                        By:   s/Breena M. Roos
                                        _____
                                              Elizabeth L. McDougall, WSBA No. 27026
                                              Breena M. Roos, WSBA No. 34501
                                              1201 Third Avenue, Suite 4800
                                              Seattle, WA  98101-3099
                                              Telephone:  206.359.8000
                                              Facsimile:  206.359.9000
                                              Email: EMcDougall@perkinscoie.com
                                              Email: BRoos@perkinscoie.com

                                        *Attorneys for Plaintiff Blue Nile, Inc.*


COMPLAINT – 20

40790-0020/LEGAL17329224.4