THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLUE NILE, INC., a Delaware corporation,

                Plaintiff,

vs.

IDEAL DIAMOND SOLUTIONS, INC.,
d/b/a IDS, Inc., *et al.*,

                Defendants.

No. C10-380Z

ORDER

      This MATTER comes before the Court on Defendant Larry Chasin's Motion for Summary Judgment, docket no. 92, and Plaintiff Blue Nile, Inc's ("Blue Nile") Cross Motion for Partial Summary Judgment, docket no. 110. For the following reasons, the Court GRANTS Plaintiff Blue Nile's motion for summary judgment and finds Larry Chasin liable for copyright infringement. The Court DENIES Defendant Chasin's Motion for Summary Judgment.

ORDER - 1

## I. Background

Defendant Larry Chasin created the company Ideal Diamond Solutions ("IDS") in March of 2008. Chasin Answer, ¶¶ 10, 101 (docket no. 8).[1] IDS provided customized e-commerce websites to brick and mortar jewelry retailers to help retailers "compete in the online arena." Decl. of Joel Yoshitaka Higa ("Higa Decl."), Ex. C-6 (docket no. 114). As part of the operation of IDS, Chasin and IDS "own[d], operate[d] and/or maintain[d] the websites displayed at www.glimmerrocks.com, www.preciousglow.com, and www.gregoriokjewlers.com." Chasin Answer at ¶ 65. IDS "was a very small company" and Chasin had the ability to control the content of IDS's websites. Decl. of Larry Chasin ("Chasin Decl.") ¶¶ 11, 13 (docket no. 93).

Plaintiff Blue Nile, an online jewelry and diamond retailer, seeks summary judgment on Chasin's liability for copyright infringement. To support its summary judgment motion, Blue Nile has submitted exhibits showing images of diamonds and jewelry copyrighted by Blue Nile which appeared on the websites www.glimmerrocks.com and www.preciousglow.com while they were owned and operated by Chasin and IDS. Higa Decl., Exs. G-R. Chasin does not dispute these declarations and exhibits.

In his defense, and in support of his motion for summary judgment, Chasin offers only the assertions that 1) he cannot be held liable for copyright infringement

---

[1] Plaintiff filed an Amended Complaint, docket no. 91, adding several defendants. Chasin did not file an answer to the Amended Complaint. Accordingly, the citations to Chasin's Answer reference Plaintiff's initial Complaint, docket no. 1.

because he had no role in creating the infringing websites and no knowledge that content used on the websites was copyrighted by Blue Nile; and 2) he cannot be held liable for IDS's alleged infringement.[2] Because Chasin is mistaken as a matter of law, and no genuine issue of material fact exists, the Court DENIES Chasin's motion for summary judgment and GRANTS Blue Nile's cross motion for summary judgment.

## II. Discussion

### A. Standard of Review

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a properly supported motion for summary judgment has been presented, the adverse party "may not rest upon the mere allegations or denials" of its pleadings. Fed. R. Civ. P. 56(e). The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

---

[2] Chasin also moves for the Court to dismiss Blue Nile's claim for unfair competition, arguing that Blue Nile's unfair competition claim is part and parcel of its copyright claim and therefore preempted. See 17 U.S.C. § 301(a); Blue Nile, Inc. v. ICE.com, Inc., 478 F.Supp.2d 1240, 1247 (W.D. Wash. 2007). However, because Blue Nile's unfair competition claim sounds in trademark, not copyright, it is not preempted under the Copyright Act. See Compl. ¶¶ 55-58, 64, 87-106 (alleging that the websites www.blue-jewelry.com and www.blue-jewel.biz are "identical or confusingly similar" to the Blue Nile mark, and therefore constitute unfair competition). Accordingly, the Court denies Chasin's motion to dismiss Blue Nile's unfair competition claim.

ORDER - 3

**B.      Chasin is Personally Liable for Copyright Infringement**

Copyright is a strict liability tort; therefore there is no corporate veil and all individuals who participate are jointly and severally liable. See Foreverendeavor Music, Inc., v. S.M.B., Inc., 701 F. Supp. 791, 793-4 (W.D. Wash. 1988). "[I]t is well established that a corporate officer will be liable as a joint tortfeasor with the corporation in a copyright infringement case where the officer was the dominant influence in the corporation, and determined the policies which resulted in infringement." Id. (quoting Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629, 633 (D.N.H. 1986)).

There is no question that IDS was the "brainchild" of Larry Chasin,[3] that IDS "was a small company",[4] and that Chasin "controlled the corporate affairs".[5] In addition to creating and controlling IDS, Chasin licensed the development of the infringing websites, and had the power to direct the removal of infringing content. See Chasin Decl. ¶¶ 2, 13. Accordingly, Chasin is jointly liable with IDS for copyright infringement.

Chasin's claims that he did not know that the material was infringing or that he did not himself create the infringing websites is not a defense. See Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (1971); S. Bell Tel. and

---

[3] Brochure for IDS, Higa Decl., Ex. F-22. See also Chasin's LinkedIn page, Higa Decl. Ex. A (stating that Larry Chasin is the "[v]isionary and operational director behind the revolutionary IDS website platform . . .").
[4] Chasin Decl. ¶ 11.
[5] Chasin Mot. Summary Judgment 6 (docket no. 92).

ORDER - 4

Tel. Co. v. Associated Tel. Directory, 756 F.2d 801, 811 (11th Cir. 1985). "[T]he Copyright Act is a strict liability regime under which any infringer, whether innocent or intentional, is liable." Gener-Villar v. Adcom Group, Inc., 509 F. Supp. 2d 117, 124 (D.P.R. 2007). Accordingly, while a genuine issue of material fact exists as to whether Larry Chasin is an "innocent infringer" for the purpose of calculating damages under section 504(c)(2) of the Copyright Act, 17 U.S.C. § 504(c)(2),[6] there is no genuine issue of material fact as to whether Chasin is liable for copyright infringement.

**C.     Larry Chasin is Vicariously Liable for Copyright Infringement**

Alternatively, Chasin is liable for vicarious copyright infringement because he had "the right and ability to supervise the infringing activity and also [had] a direct financial interest in such activities." Fonovisa, Inc., v. Cherry Auction, Inc., 76 F.3d 259, 262 (9th Cir. 1996) (quoting Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2nd Cir. 1971)). Chasin admits that he had the ability to remove the infringing content and that he controlled the corporate affairs of IDS; thus he had the right and ability to supervise the infringing activity. Chasin Decl. ¶ 13; Chasin Mot. Summary Judgment 6. He also admits that he personally invested "over $440,000 cash" into IDS and that he received salary and benefits from IDS, thereby giving him a direct financial interest in IDS. Chasin Decl. ¶¶ 16, 19.

---

[6] Plaintiff does not seek summary judgment on the willfulness of Chasin's copyright infringement or the amount of damages suffered. Blue Nile's Cross Mot. Summ. J. 3, n.2 (docket no. 110).

Accordingly, the Court finds that Defendant Chasin is liable for vicarious copyright infringement.

## V. **Conclusion**

The Court hereby GRANTS Plaintiff Blue Nile, Inc's Cross Motion for Partial Summary Judgment, docket no. 92, and finds Defendant Larry Chasin liable for copyright infringement. The Court DENIES Defendant Larry Chasin's Motion for Summary Judgment, docket no. 110.

IT IS SO ORDERED.

DATED this 3rd day of August, 2011.

Thomas S. Zilly
United States District Judge